**IN RE: HELICOPTER CRASH NEAR SAVANNAH, GEORGIA, ON JANUARY 15, 2014**

**MDL No. 2698**

United States Judicial Panel on Multidistrict Litigation.

April 7, 2016

Before Sarah S. Vance, Chair, Marjorie O. Rendell, Charles R. Breyer, Lewis A. Kaplan, Ellen Segal Huvelle, R. David Proctor, Catherine D. Perry, Judges of the Panel.

## ORDER DENYING TRANSFER

Sarah S. Vance, Chair

**Before the Panel:** Common plaintiffs in four actions move under 28 U.S.C. § 1407 to centralize the actions in the Southern District of Georgia or, in the alternative, the District of Arizona. The actions are pending in the latter district, the Central

District of California, the District of Connecticut, and the Northern District of Texas, as listed on the attached Schedule A. All responding defendants oppose centralization.[1]

On the basis of the papers filed and the hearing session held, we deny plaintiffs' motion. These actions do share certain factual issues arising from the January 15, 2014, crash of a military helicopter while approaching Hunter Army Airfield in Savannah, Georgia. But, with respect to at least three of the five principal defendants,[2] BAE, Cubic, and Prototype, issues as to liability appear to be largely defendant-specific. Plaintiffs allege that BAE, which is a defendant only in the Arizona action, is liable to them because it failed to design and manufacture the seats installed in the helicopter in a manner that would have absorbed the force of the crash adequately. In contrast, Cubic and Prototype are sued in the California action with respect to unrelated components of the helicopter. Cubic is alleged to have provided an Electronic Locator Transmitter that failed to transmit a signal following the crash, and Prototype is faulted for issues pertaining to the helicopter's tail-rotor pitch assembly and related components. The principal common issues among these three defendants appear to be largely lim-

ited to plaintiffs' damages. And, to the extent that common issues do exist, informal coordination and cooperation among counsel are practicable, given that plaintiffs are represented in all actions by the same law firm.[3]

The relatively advanced status of the California action also weighs against centralization. That action has been pending since September 2014, whereas the three other actions were instituted between July 23, 2015, and October 30, 2015. Under a scheduling order entered in the California action in March 2015, the fact discovery cutoff is April 14, 2016, the expert discovery cutoff is May 30, 2016, and trial is set for August 2, 2016. In contrast, no significant pretrial proceedings have occurred in any of the other three actions.[4]

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

## SCHEDULE A

MDL No. 2698 — **IN RE: HELICOPTER CRASH NEAR SAVANNAH, GEORGIA, ON JANUARY 15, 2014**

District of Arizona

CARPENTER, ET AL. v. BAE SYSTEMS PROTECTION SYSTEMS IN-

---

1. These defendants are BAE Systems Protection Systems, Inc., (BAE), which is sued in the Arizona action), Prototype Engineering and Manufacturing, Inc. (Prototype) and Cubic Defense Applications, Inc. (Cubic), which are sued in the California action, Sikorsky Aircraft Corporation and Sikorsky Support Services, Inc. (collectively Sikorsky), which are sued in the Connecticut action, and L–3 Communications Integrated Systems, LP (L–3), which is sued in the Texas action.

2. Technically, there are six defendants, as plaintiffs sue two Sikorsky entities in the Connecticut action—Sikorsky Aircraft Corporation and Sikorsky Support Services, Inc. In addition, Paul Carpenter, the father of the

deceased co-pilot, is named as a nominal defendant in all four actions, on the grounds that he may be an heir.

3. *See In re: Credit Union Checking Account Overdraft Litig.,* 158 F.Supp.3d 1363, 2016 WL 440420 (J.P.M.L. Feb. 2, 2016) (denying centralization of eleven actions where, *inter alia,* all plaintiffs were represented by the same two law firms).

4. *See Cymbalta (Duloxetine) Prods. Liab. Litig. (No. II),* 138 F.Supp.3d 1375, 1376, 2015 WL 5936936, at * 1 (J.P.M.L. Oct. 9, 2015) (denying centralization of 41 actions, in part because of their "substantially different procedural postures").

CORPORATED, ET AL., C.A. No. 2:15–01694

Central District of California

CARPENTER, ET AL. v. PROTO-TYPE ENGINEERING AND MANU-FACTURING, INC., ET AL., C.A. No. 2:14–07793

District of Connecticut

CARPENTER, ET AL. v. SIKORSKY AIRCRAFT CORPORATION, ET AL., C.A. No. 3:15–01582

Northern District of Texas

CARPENTER, ET AL. v. L–3 COM-MUNICATIONS INTEGRATED SYS-TEMS, C.A. No. 3:15–02438